UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FAHEZA DAMRY,

         Plaintiff,

  v.                No. 1:16-CV-267
                      (LEK/CFH)
NATIONAL GRID NATURAL GAS &
ELECTRICITY, and KHAN REALTY,

         Defendants.
_____

**APPEARANCES:**        **OF COUNSEL:**

Faheza Damry
1126 Broadway, Fl. 1
Rensselaer, New York 12144
Plaintiff pro se

**CHRISTIAN F. HUMMEL,**
**U.S. Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

  On March 7, 2016, plaintiff pro se Faheza Damry commenced this action by the filing of a complaint. Dkt. No. 1 ("Compl."). Plaintiff also filed an application to proceed in forma pauperis ("IFP"). Plaintiff has not paid this Court's filing fee. On March 10, 2016, this Court denied without prejudice plaintiff's IFP application. Dkt. No. 4. On March 31, 2016, plaintiff filed a second application to proceed IFP. Dkt. No. 7.

### I. IFP

  Turning to plaintiff's second IFP application, Dkt. No. 7, after reviewing the information provided therein, the Court finds that plaintiff may properly proceed with this

matter IFP.¹

## II. Initial Review

### A. Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him or her to proceed with his or her action.

Pleading guidelines are provided in the Federal Rules of Civil Procedure ("Fed R. Civ. P"). Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

---

¹ Although IFP has been granted, plaintiff may be responsible for other Court costs, such as copying fees.

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." Id. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).

A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is

3

well disguised." Id. (citations omitted).

## B. Factual Allegations

Plaintiff contends that she and her then husband rented an apartment at 41 Dove Street in Albany, New York from defendant Faraz Khan, apparently owner of defendant Khan Realty & Management. Compl. at 3. She moved into the apartment on July 1, 2012. Id. Plaintiff contends that in August 2012, her husband, who "became physically abusive," moved out of the apartment. Id. at 4. Plaintiff was then "informed by defendant Khan that she had to put the monthly electrical responsibilities in her name." Id. Plaintiff contends that did defendant Khan did not inform her, that "the upstairs tenants Darren and Alexia Crow were not charged electrical costs from a shared meter they were both also using but were not paying separate costs where plaintiff was the only tenant delegated without the terms stipulated in the lease agreement . . . to pay utilities[.]" Id. Plaintiff began paying utilities directly to defendant National Grid in October 2012. Id. at 4-5. Plaintiff did not have heat from October 2012 through April 2013, and informed defendant Khan, but he did not make repairs. Id. at 5. Plaintiff contacted National Grid, who "sent notices to defendant Khan to investigate the shared electrical meter and gas furnace[.]" Id.

After complaints of "heat and gas inadequacies," defendant National Grid sent an inspector to the apartment on February 5, 2013. Compl. at 6. The inspector informed plaintiff that she was "not getting heat or gas," that she was sharing a meter with the upstairs tenants, and that "the furnace had backfired sending a flame off [sic]

4

fire into his face, further explaining to plaintiff this furnace was a danger and outdated, and told her she had no gas to her apartment and this furnace had a flow pipe that needed attachment to the chimney vent." Id.  Defendant Khan made a temporary repair to the furnace, which apparently lasted only two and one-half days.  Id. at 7.  Plaintiff again made complaints to defendants Khan and National Grid.  Id.  In response, National Grid sent notices to Khan for an investigation into the shared electrical meter and gas furnace" despite the fact that National Grid

> already had in their possession the February 5th of 2013, Notice of Improper Condition . . . with lawful means pursuant to New York State Department of Public Service Rights as a Residential Gas, Electric or Steam Customer under HEFPA, to investigate and authority to 'If a Shared Meter Condition exits, then the utility must establish an account in the landlord's name until the condition is corrected . . . .

Id.  Plaintiff argues that defendant Khan was required to pay the balance of her utility bill, yet failed to do so, resulting in the balance "balloon[ing] to $1,652.56.  Id. at 8.

Plaintiff argues that defendant National Grid "violated plaintiff's rights by allowing defendant Khan to use utility tricks to circumvention full cost utilities through fraudulent tactics and deception through the usage of one shared electrical meter for two occupied dwellings[.]"  Id.  Plaintiff contends that National Grid "should have rectified" the shared meter issue "when their inspector gave them advance notice."  Id.  She argues that defendant National Grid "had at their disposal the enforcement to invoke compliance from defendant Khan to access the premises of 41 Dove Street . . . through ttheir [sic] powers of the Albany City Buildings & Codes investigations where they had no problems using on February 5th, 2013, but when plaintiff filed several more grievances

they decided instead to ignore and take a more less traveled road and let defendant Khan slip through the loop by forwarding him letter notices on April 4, 2013 . . . after plaintiff had moved out of state." Id. at 9. She further arguers that defendant National Grid should have

> obtained a court order to gain access to the meter, and establish this utility account in the landlord's name until the condition was corrected, gave defendant Khan ample opportunity to play the evasive game and ignore code violations pursuant to the New York State Public Service Commission Home Energy Fair Practices Act Rules Governing the Provision of Gas provision[.]

Id. at 9-10. Plaintiff contends that National Grid "ignored the New York State Public Service Commission Home Energy Fair Practices Act Rules Governing the Provision of Gas and the Rights as a Residential Gas, Electric or Steam Customer under HEFPA" and "[a]ssisted in destroying her credit history[.]" Id. at 12-13.

Plaintiff also demands the "[r]eimbursement of all electrical and gas costs from July 2012 through 2013; an injunction

> [t]o halt the motion or progress, restrict and/or cause to desist or change efforts to penalize a landlord who violate [sic] tenant and housing laws in compliance with any utility contracts, purchases associated with said defendants enforcing all parties to comply with statues, laws and New York State Public Service Commission Electric Utilities Regulated by the PS 14-M-0101 – Proceeding on Motion of the Commission in Regard to Reforming the Energy Vision, Rights as a Residential Gas, Electric or Steam Customer under HEFPA, New Yor [sic] State Multiple Dwelling Law, and the laws of the State of New York.

Id. at 14. Finally, plaintiff seeks compensatory damages of $60,000 and $35,000 in punitive damages. Id. at 14.

6

**C. Analysis**

Here, plaintiff has failed to demonstrate this Court's jurisdiction. FED. R. CIV. P. 8(a)(1). Although she states that this

> Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1367 as certain of plaintiffs' [sic] claims arise under the laws of the United States, specifically 15 U.S. Code § 1692e, 19 U.S. Code § 641b and 15 U.S. Code § 1629k, promulgated thereunder, and plaintiffs' [sic] claims form part of the same case or controversy[,]

such does not demonstrate jurisdiction. Compl. at 3. Further, plaintiff contends that

> [v]enue is proper in the Northern District of New York in accordance with 28 U.S.C. § 1391(b) because the defendants reside in this district and all of the defendants reside in this state, and the events or omissions giving rise to plaintiffs' [sic] claims occurred principally in the City of Albany, in Albany County, New York.

Id.

"It is a fundamental precept that federal courts are courts of limited jurisdiction." Owen Equip. & Erec. Co. v. Kroger, 437 U.S. 365, 374 (1978). A court may properly dismiss a case for lack of subject matter jurisdiction where it "lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Subject matter jurisdiction may be based either on federal question or the complete diversity of citizenship of the parties. 28 U.S.C. §§ 1331, 1332. Federal jurisdiction exists where the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Greenberg v. Bear, Sterns & Co., 220 F.3d 22, 25 (2d Cir. 2000) (internal quotation marks omitted).

1. **Diversity Jurisdiction**

Plaintiff has failed to demonstrate complete diversity jurisdiction. Defendants Khan Realty & Management and Faraz Khan appear to be residents of New York State. Plaintiff contends that (1) she is a resident of Albany, New York; (2) defendant National Grid Natural Gas & Electricity has its headquarters in London, England; and (3) defendant Khan Realty & Management is "based in Upstate, New York." Compl. at 2. Plaintiff does not provide the domicile of defendant Faraz Khan, but her complaint suggests that he is a New York State resident, as she indicates that he is the owner or Khan Realty & Management, a company she claims to be based in New York. Id. However, even if defendant Khan is not a New York domiciliary, plaintiff has demonstrated that, at a minimum, defendant Khan Realty & Management is based in New York; thus, there is a failure of complete diversity jurisdiction. Plaintiff alleges that amount in controversy exceeds $95,000. Id. at 3.

2. **Federal Question**

Plaintiff also fails to demonstrate federal question jurisdiction. Plaintiff contends that she brings this case pursuant to 15 U.S.C. § 1692e, the Fair Debt Collections Practices Act, which provides that

> [a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (1) The false representation or implication that the debt collector is vouched for, bonded by or affiliated with the

8

United States or any State, including the use of any badge, uniform, or facsimile thereof.
(2) The false representation of –
   (A) the character, amount, or legal status of any debt; or
   (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.
(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
(6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to--
   (A) lose any claim or defense to payment of the debt; or
   (B) become subject to any practice prohibited by this subchapter.
(7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.
(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
(9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.
(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
(11) The failure to disclose in the initial written communication with the consumer and in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt

9

> collector, except that this paragraph shall not apply to a
> formal pleading made in connection with a legal action.
> (12) The false representation or implication that accounts
> have been turned over to innocent purchasers for value.
> (13) The false representation or implication that documents
> are legal process.
> (14) The use of any business, company, or organization
> name other than the true name of the debt collector's
> business, company, or organization.
> (15) The false representation or implication that documents
> are not legal process forms or do not require action by the
> consumer.
> (16) The false representation or implication that a debt
> collector operates or is employed by a consumer reporting
> agency as defined by section 1681a(f) of this title.

15 U.S.C. § 1692e. Plaintiff further alleges violations of 15 U.S.C. § 1629k, a section of the Fair Debt Collections Practices Act that provides for damages for "any debt collector who fails to comply with any provision of this subchapter . . . ." Plaintiff does not demonstrate how the Fair Debt Collections Practices Act applies. She does not contend that National Grid engaged in any such actions as an attempt to collect its debt or used a debt collection agency that acted in a manner prohibited by law. Instead, plaintiff's only allegation against National Grid relates to their alleged failure to enforce certain provisions of the New York State Home Energy Fair Practices Act ("HEFPA"). See Compl. at 7-13. Thus, it appears plaintiff's claims against defendant National Grid arise under New York State law. N.Y. PUB. SERV. § 30 (McKinney's 2003).

Supplemental jurisdiction requires that the anchoring federal claim and the pendent state-law claims "form part of the same case or controversy." 28 U.S.C. § 1367. In other words, the claims must "derive from a common nucleus of operative fact." United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966).

Although this Court can, in its discretion, exercise supplemental jurisdiction over state law claims that are related to federal claims over which the Court has jurisdiction pursuant to 28 U.S.C. § 1367, because plaintiff has not demonstrated that federal jurisdiction, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over her state law HEFPA claims. See 28 U.S.C. § 1367(c).

Plaintiff also fails to demonstrate the sufficiency of the other federal statute she references at the beginning of her complaint. Compl. at 3. Plaintiff cites 18 U.S.C. § 641(b). This criminal statute refers to embezzlement of funds.[2] Plaintiff has failed to show how defendant National Grid violated this statute. Further, although a liberal reading of the complaint may suggest that plaintiff is attempting to argue that defendants Khan and Khan Realty & Management "embezzled" funds insofar as they deceived her into paying for utilities for her neighbors' utilities and for her gas, despite her malfunctioning furnace, she does not explain how such conduct amounted to

---

[2] § 641. Public money, property or records

> Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or
>
> Whoever receives, conceals, or retails the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined, or converted –
>
> Shall be fined under this title or imprisoned not more than ten years, or both; but if the value of such property in the aggregate combining amounts from all the counts for which the defendant is convicted in a single case, does not exceed the sum of $1,000, he shall be fined under this title or imprisoned not more than on year, or both . . . .

18 U.S.C. § 641.

11

embezzlement as defined by section 641.

### 3. **Additional State Law Claims**

In the introduction of her complaint, plaintiff states, without elaboration, that defendants' actions

> culminated into lack of equal protection under
> the law, larceny, mental anguish arising from
> causes of action for oppressive conduct,
> negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, breach of good faith and fair dealing in violation of a duty owed directly to the plaintiff, and bad faith breach of lease and contract agreements[.]

Compl. at 2. Thus, it appears plaintiff is alleging breach of contract claims/breach of good faith and fair dealing, negligence, and intentional and negligent infliction of emotional distress. These are all state law claims. Intentional infliction of emotional distress is an intentional tort that carries a one-year statute of limitations. See N.Y C.P.L.R. § 215. As plaintiff suggests that the emotional distress began when she discovered that she had the broken furnace and was paying the utilities of her upstairs neighbors in October 2012, Compl. at 5, the statute of limitations on this claim would have expired one year later, in October 2013. The tort of negligent infliction of emotional distress carries a three year statute of limitations. Dawkins v. Williams, 413 F. Supp. 2d 161, 177 (N.D.N.Y. 2006). Courts generally hold that claims for emotional distress accrue when the plaintiff first suffers the distress. See, e.g., Dawkins v. Williams, 413 F. Supp. 2d 161, 176 (N.D.N.Y. 2006). Here, it would appear that the statute of limitations on plaintiff's negligent infliction of emotional distress claim accrued

12

in October 2012, when she began personally paying for utilities. Thus, as the statute of limitations would appear to have expired in October 2015, this claim, even if jurisdiction can be demonstrated, would be untimely. Plaintiff further sets forth a general claim of "negligence." Claims for common law negligence, excepting medical malpractice, also carry a three year statute of limitations. N.Y. C.P.L.R. § 214 (McKinnney's 2003). Such claims accrue when the plaintiff knows or has reason to know of the harm. Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994). Even if plaintiff provided sufficient factual support as to her negligence claim, it appears that the statute of limitations on this claim would similarly have expired in 2015. Therefore, these tort claims are time barred.

Plaintiff also appears to set forth a claim for breach of contract. A claim for breach of contract under New York State law carries a six-year statute of limitations. N.Y. C.P.L.R. § 213. Assuming that plaintiff's breach of contract claim accrued in 2012, when she began paying utilities, this statute of limitations has not yet expired. N.Y. C.P.L.R. § 213(2). Plaintiff also alleges that defendants violated the implied covenant of good faith and fair dealing, also a state law claim. Such claims are also governed by the six-year statute of limitations, running from the time of the alleged breach. Flight Scis., Inc. v. Cathay Pac. Airways Ltd., 647 F. Supp. 2d 285, 288 (S.D.N.Y. 2009) (citations omitted). As her breach of the covenant of good faith and fair dealing claim would have accrued in 2012, the statute of limitations on this claim has not yet run.

Finally, liberally read, plaintiff's complaint appears to set forth a claim for unjust enrichment against defendants pursuant to New York law. There is also a six-year

13

statute of limitations for unjust enrichment claims. See J.C. Penny Corp., Inc v. Carousel Center Co., LP, 635 F. Supp. 2d 126 (N.D.N.Y. 2008). Thus, such claim also would not have expired. Although the statute of limitations on plaintiff's state law contracts claims have not expired, the undersigned does not recommend exercise of supplemental jurisdiction over these state law claims, as she has not demonstrated federal jurisdiction over this action.

Lastly, plaintiff briefly alleges a violation of her equal protection rights. Compl. at 2. A claim for a violation of equal protection arises under the Fourteenth Amendment of the Constitution of the United States. The Equal Protection Clause "bars a state official or agency from selective adverse treatment of an individual, when compared with others similarly situated, 'based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional right, or malicious bad faith intent to injure a person.'" Spiegel v. Adirondack Park Agency, 662 F. Supp. 2d 243, 252 (N.D.N.Y. 2009) (quoting LeClair v. Saunders, 627 F.2d 606, 609-10 (2d Cir. 1980)) (additional citations omitted). First, plaintiff has not demonstrated the involvement of any state official or agency. Further, her equal protection claim is entirely void of any explanation for how defendants treated her differently based on an impermissible consideration or how other similarly-situated individuals were treated differently based on their race or any other impermissible basis.[3] Thus, plaintiff fails to sufficiently allege

---

[3] Although the undersigned recognizes that, in a 42 U.S.C. § 1983 claim, a private actor may be considered to be acting under the color of state law where the private actor was "a willful participant in joint activity with the state or its agents," Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 296 (2001), even if the Court were to construe the complaint as attempting to bring a claim pursuant to section 1983, as plaintiff has not provided that any defendant was a willful participant in a joint activity with the state or its agents, not does it seem she could make such claim, it does not appear that she is

14

a claim for a violation of equal protection.

### III. **Conclusion**

In sum, plaintiff has failed to demonstrate complete diversity jurisdiction – she has not demonstrated that all defendants are from a different state from plaintiff – and has failed to demonstrate the existence of a federal question; thus, it is recommended that the complaint be dismissed.  Although it does not appear that plaintiff will be able to demonstrate diversity jurisdiction, for the reasons discussed above, in light of plaintiff's pro se status, it is recommended that the dismissal be without prejudice and with opportunity to amend so that plaintiff may, if she so chooses, attempt to submit a complaint containing sufficiently detailed factual information demonstrating this Court's federal question jurisdiction over her action.  Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991); see also FED. R. CIV. P. 15(a) ("The court should freely give leave when justice so requires.").  To the extent plaintiff may be able to provide the Court with additional factual information to support her federal claims and demonstrate this Court's jurisdiction, plaintiff should be given an opportunity to do so.

**WHEREFORE**, for the matters stated herein, it is hereby

---

attempting to set forth a claim pursuant to section 1983, and such standard would not apply to hold private actors responsible for equal protection violations.

**ORDERED** that plaintiff's second motion to proceed in forma pauperis (Dkt. No. 7) is **GRANTED**; and it is

**RECOMMENDED** that the complaint (Dkt. No. 1) be **DISMISSED without prejudice and with opportunity to amend** as set forth herein; and it is

**ORDERED** that the Clerk of the Court serve a copy of this Report-Recommendation and Order on plaintiff pro se in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

**IT IS SO ORDERED.**

Dated: April 5, 2016
　　　　Albany, New York

_Christian F. Hummel_
Christian F. Hummel
U.S. Magistrate Judge