**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

FAHEZA DAMRY,

                         Plaintiff,

    v.                                         No. 1:16-CV-267 (LEK/CFH)

NATIONAL GRID NATURAL GAS &
ELECTRICITY, KHAN REALTY &
MANAGEMENT, and FARAZ KHAN,

                         Defendants.

---

**APPEARANCES:**                  **OF COUNSEL:**

Faheza Damry
1126 Broadway, Fl. 1
Rensselaer, New York 12144
Plaintiff pro se

**CHRISTIAN F. HUMMEL,**
**U.S. Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

### I. Background

On April 25, 2016, following an initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e), the undersigned recommended that plaintiff's complaint be dismissed without prejudice and with opportunity to amend.[1] Dkt. No. 8. The undersigned concluded that plaintiff failed to demonstrate complete diversity jurisdiction. Id. at 8. The undersigned further concluded that plaintiff failed to demonstrate federal question

---

[1] Familiarity with the full procedural history and factual allegations alleged in the original complaint are assumed. For full detail, reference is made to the Court's April 5, 2015 Report-Recommendation and Order. Dkt. No. 8.

jurisdiction insofar as she failed to set forth an applicable federal statute or federal constitutional right that she claims was violated by defendants.  Id. at 8-12.  The undersigned recognized that plaintiff also set forth several state law claims, some of which were barred by statutes of limitation.  Id. at 12.  The undersigned concluded that plaintiff's contract-related state law claims did not appear to be barred by the various statutes of limitations, but recommended that the Court decline to exercise supplemental jurisdiction because plaintiff did not demonstrate the existence of a federal question.  Id. at 13-14.  On April 28, 2016, Senior District Judge Lawrence E. Kahn adopted the Report-Recommendation and Order in its entirety and forwarded plaintiff's proposed amended complaint to the undersigned for initial review.  Dkt. No. 10.  Therefore, presently pending before the undersigned is a review of plaintiff's proposed amended complaint.  Dkt. No. 9.

## II.  Review of Proposed Amended Complaint

In plaintiff's proposed amended complaint, she sets forth the following claims: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) unjust enrichment; (3) violation of New York State General Business Law § 349; and (4) defendants "deprived [her of] the right to receive the benefits under her lease agreement, Residential Rights and Responsibility for National Grid Customers' Subsection *Meter Access*, New York State Public Service Commission Electric Utilities Regulated by the PSC 14-M-0101, Rights as a Residential Gas, Electric or Steam

2

Customer pursuant to HEFPA,[2] and New York State Multiple Dwelling Law of the State of New York."[3] Dkt. No. 10 at 9. She also contends that defendants violated her "rights under the New York and United States Constitutions, and under state and federal law." Dkt. No. 10 at 1. Plaintiff names as defendants (1) "National Grid Gas & Electricity," now contending that defendant is "a corporation incorporated under the laws of the Untied States of America, with a Division branch office at 1125 Broadway, Menands, NY 12204, and licensed to do business in upstate New York"; and (2) Khan Realty & Management, which is "based in upstate, New York." Id. at 2.[4] She argues that "[a]ll parties act and continue to act under color of federal and state law." Id.

In the undersigned's April 5, 2016 Report-Recommendation and Order, the undersigned concluded that plaintiff did not demonstrate diversity jurisdiction, as she failed to prove that all defendants were citizens of states different from that of plaintiff, nor did she demonstrate federal question jurisdiction. Although she cited the Fair Debt Collections Practices Act, the undersigned concluded that plaintiff "does not contend that National Grid engaged in any such actions as an attempt to collect its debt or used a debt collection agency that acted in a manner prohibited by law." Dkt. No. 8 at 10. In her proposed amended complaint, plaintiff has still not demonstrated diversity

---

[2] It appears HEFPA is an acronym for New York State Home Energy Fair Practices Act and Energy Consumer Protection Act, Public Service Law § 30 (McKinney's 2016).

[3] Plaintiff refers to New York State's Multiple Dwelling Law § 79 which specifies heating requirements and minimum temperatures that must be maintained for multiple dwellings exceeding two stories in height. Dkt. No. 9 at 18.

[4] Plaintiff does not list Faraz Khan as a defendant in her proposed amended complaint. However, Mr. Kahn's name appears in the complaint's caption. Thus, giving due solicitude, it is recommended that plaintiff's amended complaint be read as attempting to assert claims against Faraz Khan, individually.

3

jurisdiction, as she provides that all defendants and plaintiff are residents of the State of New York. Dkt. No. 9 at 2. Further, she has failed to demonstrate federal question jurisdiction. Plaintiff has failed to allege the violation of any federal law or a right protected by the Constitution of the United States. Although plaintiff makes a vague reference to violation of her "rights under the New York and United States Constitutions, and under state and federal law[,]" she does not set forth any factual allegations supporting this conclusory claim. Dkt. No. 9 at 1-2. Further, plaintiff sets forth no federal statute, regulation, or constitutional provision that she has alleged was violated. Plaintiff's only claims arise under New York State contracts principles, New York State Public Service Law, New York State Multiple Dwellings Law, and New York State General Business Law. 28 U.S.C. § 1331 confers onto federal courts subject matter jurisdiction over all federal questions, or "all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction exists where the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law." Greenberg, 220 F.3d at 25 (internal quotation marks omitted). As plaintiff merely sets forth a general allegation that defendants violated her constitutional rights and "federal law," Dkt. No. 9 at 1, but fails to identify the federal laws or constitutional provisions she alleges were violated or provide any factual allegations to support such claims, it does not appear that this Court has federal question jurisdiction. As the undersigned set forth in the April 2015 Report-Recommendation and Order, "[s]upplemental jurisdiction requires that the anchoring federal claim and the pendent

4

state-law claims "form part of the same case or controversy." 28 U.S.C. § 1367. Because there is no "anchoring" federal claim present in this case, it is recommended that the Court decline to exercise supplemental jurisdiction over plaintiff's state law claims.

Although the undersigned recognizes that dismissal with prejudice is a harsh remedy, plaintiff has already been permitted an opportunity to amend. See Landy v. Heller, White & Co., 783 F. Supp. 125, 133 (S.D.N.Y. 1991) (quoting O'Brien v. National Prop. Analysts Partners, 936 F.2d 674 (2d Cir. 1991) ("[D]ismissal of a complaint with prejudice is proper when the complaint has been amended previously."). Further, providing plaintiff a second opportunity to amend her complaint would be futile because it appears that there is no amendment that plaintiff can make that would confer either federal question or diversity jurisdiction. See, e.g., Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). Accordingly, the undersigned recommends dismissal of the proposed amended complaint with prejudice in this Court, but without prejudice to plaintiff commencing an action before the appropriate state court. See 28 U.S.C. 1915(e)(1)(2)(B)(ii).

### III. Conclusion

**WHEREFORE,** for the reasons stated herein, it is hereby

**RECOMMENDED**, that plaintiff's proposed amended complaint (Dkt. No. 9) be **DISMISSED** with prejudice and without opportunity to amend before this Court, but without prejudice to plaintiff commencing an action in the appropriate state court

5

regarding these claims; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

**IT IS SO ORDERED.**

Dated: June 2, 2016
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge